3me117
e114 354

CASE 29———————JULY 2.

# Robb vs. Maysville and Mt. Sterling Turnpike Road Company.

### APPEAL FROM MASON COUNTY COURT.

By *section* 30 *of chapter* 103, *of Rev. Statutes,* where land is sought to be condemned for the use of a turnpike road company, either party may file with the clerk of the county court a traverse of the inquest in the country, which is to be tried in the manner therein directed; and by the next section an appeal from the county court decision is allowed either party to the court of appeals. This section is not repealed by the provisions of the Civil Code.

Such appeal is from the "decision" of the jury and of the county court upon the question of compensation or damages to which the owner of the land may be entitled. The traverse involves no other question, and the decision of that question is made the subject of revision by the court of appeals upon an appeal by either party. So far as the right of appeal is concerned, whether the decision be, strictly speaking, final or not, is immaterial.

The Constitution secures to the owner of land taken for public use just compensation for his property before he can be deprived of it. Its value to *him,* considering its relative position to his other land, and the other circumstances which may diminish or enhance that value, can alone afford him a just compensation for its loss.

In such case the inquiry should not be what is the market value of the land, nor on the other hand, what price would induce the owner to sell it, but should rather be, what would be its value to him, situated as it is, if he were not the owner of it, but owned the adjacent property under the circumstances as they exist. Its actual value to him in that condition would be as much as he has a right to demand.

TAYLOR, DUKE, & TRUSSELL, for appellant, cited *Revised Statutes, chap.* 103, *sec.* 31 ; *Civil Code, secs.* 15, 16, 20 ; *charter of Maysville and Mt. Sterling road, sess. acts* 1835, *page* 46 ; *Rev. Stat., repealing clauses.*

W. H. WADSWORTH and J. R. CLARKE, for appellees, cited *Civil Code, sec.* 20 ; *Rev. Statutes, Stanton's Ed., secs.* 32, 33, *page* 448 ; *Ib., chap.* 103, *secs.* 1 *to* 14 *and sec.* 32 ; *Civil Code, sec.* 15 ; 15 *B. Mon.*, 48; *Civil Code, sec.* 20.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The object of this appeal is to revise a judgment of the Mason county court, rendered upon the traverse of an inquest in the country by which the appellant was allowed $700 in damages for the use of a rock-quarry situated on his land.

Upon the trial of the traverse in the court below, a jury was waived by consent of the parties, and the law and facts submitted to the special judge who was selected to preside in the case. A judgment was rendered, by which the verdict of the jury in the country was declared untrue and erroneous, and the damages of the defendant (Robb,) were assessed at $350 for the premises proposed to be condemned for the use of the company ; "and the plaintiffs will pay to the defendant that amount, and upon proof of payment thereof, the verdict shall be confirmed, and the land shall be condemned for the use of the plaintiffs according to law, and the plaintiffs shall recover their costs upon the traverse." Then follows a peremptory judgment against the defendant for the costs of the traverse. By this appeal Robb seeks a reversal of the entire judgment.

The appellees have moved to dismiss the appeal upon two grounds. They contend, in the *first* place, that the appeal should have been from the county court to the *circuit* court, and that, consequently this court has no jurisdiction. And they refer to the 20*th section of the Civil Code* as sustaining this point.

That section confers upon the circuit courts appellate jurisdiction of the judgments and final orders of quarterly courts and of county courts in the cases specified, and also "of judgments of justices of the peace on inquisitions of forcible entry and detainer, and of inquisitions before justices of the peace or other officers for appropriating private property to public uses, *except where otherwise directed by law.*"

Unless this case can be shown to be within the exception here mentioned, it results necessarily that the motion to dis-

miss the appeal should be sustained, inasmuch as this court has no jurisdiction of judgments of the *county court* in cases where an appeal from such judgment is given to the *circuit court.* (*Civil Code, secs.* 15, 16.)

But there is a provision of law which expressly gives this court jurisdiction in cases like the present. By the Revised Statutes (*sec. XXX, p.* 448, *Stanton's edition,*) either party may file with the clerk of the county court a traverse of the inquest in the country, which is to be tried in the manner therein directed. And the next succeeding section provides, that "either party may have the decision revised in the *court of appeals,* by appeal or writ of error."

This section is not repealed by the provisions of the Civil Code, either expressly or by implication. It was the law in force at the time of the adoption of the Code, authorizing an appeal in such cases; and the provision of the 20*th section of the Code,* allowing an appeal to the circuit court from inquisitions for appropriating private property to public uses, *except where otherwise directed by law,* must be construed with reference to this section of the Revised Statutes.

It follows that the jurisdiction of this court, which that section confers, was not taken away by the 20*th section of the Code.*

A similar question arose, and was decided by this court, in the case of *Perrin vs. Cynthiana and Ravens Creek Turnpike Road Company,* (*MS. opinion, Winter Term,* 1859.)

The second ground of objection to the jurisdiction is, that the judgment sought to be revised is not such a final judgment or order as to be the subject of an appeal.

Whether, upon the general principles deducible from the various decisions of this court, upon similar questions, this order or judgment should be regarded as final, or as merely interlocutory, is a point not necessary to be considered.

The 30*th section of the Revised Statutes,* before referred to, provides, as has been shown, that either party to a proceeding of this sort, may file his traverse, whereupon the case shall be docketed and tried by a jury of freeholders empanneled for that purpose—the party failing on the traverse to pay the costs, &c.

The language of the next succeeding section is, "Either party may have the *decision* revised in the court of appeals, by appeal or writ of error; but no appeal or supersedeas, on behalf of the owner of the property, shall stay the judgment further than in the collection of costs against him."

What *decision* is here referred to? Manifestly the *decision* of the jury and of the court upon the question of compensation or damages to which the owner may be entitled. The traverse provided for involves no other question, and the decision of that question is, in express terms, made the subject of revision upon an appeal by either party. Whether the decision be, strictly speaking, final or not, or whether the rights of either party may or may not be ultimately prejudiced by it, is wholly immaterial, so far as the right of appeal is concerned.

The motion to dismiss the appeal must, therefore, upon both the grounds relied on, be overruled.

Upon the trial in the the court below the appellant offered to prove, by several witnesses, what the land sought to be condemned was worth *to him*, but the court held that such evidence was inadmissible, and decided that the *fair market value* of the quarry was the proper criterion for estimating the damages. To this ruling the appellant excepted.

That the court erred in rejecting the testimony offered there can be no doubt.

In the case of the *Henderson and Nash. R. R. Co. vs. Dickerson,* (17 *B. Mon.*, 178,) it was held by this court, that "the constitution secures to the owner of the land just compensation for his property before he can be deprived of it. Its value to *him,* considering its relative position to his other land, and the other circumstances which may diminish or enhance that value, can alone afford him a just compensation for its loss." We see no reason for exempting the present case from the operation of this principle. Nor does the principle lead to the consequences supposed by counsel. It does not authorize the owner to fix a fanciful estimate of the value of the land, and make such estimate the criterion of his recovery in damages, on the contrary, in the opinion just quoted from, it is said that, in estimating the damages, the inquiry should not be what price would in-

duce the owner to sell the land—because he might not be willing to sell it at any price—but the inquiry should rather be, what would be its value to him, situated as it is, if he were not the owner of it, but owned the adjacent property, under the circumstances as they now exist. Its actual value to him in that condition, would be as much as he has a right to demand.

The same criterion of compensation was recognized in the subsequent case of *Perrin vs. Cynthiana and Ravens Creek Road Co.*, before referred to.

The appellant complains of other errors, but as they relate. to matters which are deemed immaterial, they will not be specially noticed.

For the error mentioned the judgment is reversed, and the cause remanded for a new trial, and further proceedings in conformity with this opinion.