WILLIAM W. CAMP ET AL.

v.

PATRICK GANLEY.

</div>

1. EXEMPTIONS—PENALTY FOR SELLING EXEMPT PROPERTY—SCHEDULE.—A schedule of property claimed to be exempt, as provided by statute, when once presented to an officer holding an execution, loses its vitality and force, and cannot be again used as a compliance with the statute, for other property levied upon by virtue of another execution. Nor can it be made the basis of a claim for the statutory penalty for selling exempt property.

2. PLAINTIFF MUST DECLARE SPECIALLY.—To recover the penalty of

double damages provided by statute for selling exempt property, the plaintiff must declare specially.

3. EXECUTION SALE—PREMATURE.—A sale by a constable of property levied upon by him, before he is by law authorized to make the sale, will make him a trespasser *ab initio*.

4. ILLEGAL SALE—DAMAGES—RECOUPMENT.—Where a constable sold property before he was by law authorized to make the sale, although such sale was illegal, and the constable a trespasser, yet in an action therefor, the defendant in execution can recover only actual damages, and the execution plaintiff may recoup against such damages the amount realized from the sale and credited to the defendant in execution.

APPEAL from the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding. Opinion, filed June 29, 1880.

Mr. S. R. REED and Mr. ROBERT FISHER, for appellants; that where a party has made an admission inconsisetnt with the title he proposes to assert, and the opposite party has acted upon it, the doctrine of estoppel will apply, cited Baker v. Pratt, 15 Ill. 568; Cook v. Hunt, 24 Ill. 535; Straus v. Minzesheimer, 78 Ill. 492; Colwell v. Brower, 75 Ill. 516.

If a person sells his property for a fraudulent purpose after a lien has attached, he cannot afterwards claim the property, and recover against the officer taking it under an execution against him: Cassell v. Williams, 12 Ill. 387.

A party claiming an exemption must avail himself of that right: Cook v. Scott, 1 Gilm. 333; The People v. Palmer, 46 Ill. 396.

A debtor claiming specific property as exempt, must offer to turn out other property to the officer, if he has any: Bonnell v. Bowman, 53 Ill. 460; Smothers v. Holly, 47 Ill. 331; McMasters v. Alsop, 85 Ill. 157.

The judgment creditor is not responsible for a premature sale by the officer, unless he advised or directed it: 1 Chitty's Pl. *185; Oystead v. Shed, 12 Mass. 506.

Mr. W. C. JOHNS, for appellee; as to the duty of an officer having an execution, to notify the defendant, cited Cook v. Scott, 1 Gilm. 333; Blair v. Parker, 4 Bradwell, 409.

An officer making a premature sale becomes a trespasser, *ab initio:* 1 Hilliard on Torts, 108.

Davis, J.   Charles F. Tenney, William M. Camp and Isaiah Quick were charged in this action of trespass, with taking unlawfully twenty-three acres of corn claimed by appellee.

The declaration contains two counts.

The first is in the common form of the action of trespass, and the second is under the statute for the penalty, claiming that the property levied upon and sold by the officer was exempt from execution, levy and sale.

A demurrer was sustained to the second count, and the plea of the general issue filed to the first, and the case was tried on that plea and an agreement, that under such plea the plaintiff and defendants might introduce all matters of evidence which might be introduced under special pleas properly pleaded and replied to.

The following facts appear in the record:

Camp and Tenney recovered a judgment against appellee, on the 13th day of August, 1879, before a justice of the peace, for $200.   On the same day an execution was issued and delivered to constable Quick, one of the appellants.   This execution was levied upon three stacks of flax on October 10th, subject to landlord's lien and loaned flax seed, and returned with $50.45 made by sale of flax.

While this execution was in the hands of the officer, and before the sale, appellee claimed that all his property was exempt from execution, and he then presented to the officer a schedule of all his personal property, duly sworn to, on the 20th day of August, as required by the statute.   This execution was returned on the 24th of October, and on the following day another execution was issued on the same judgment and delivered to the same officer, who levied the same upon the corn in controversy on the 28th of October, and the corn was sold on the 7th of November, and bought by Camp and Tenney for $80.00.

Only nine days' notice was given by the constable of the sale of the corn.

The jury found a verdict against all the appellants for $150, and judgment was rendered against them for that amount.

The claim made by appellee, that he was entitled to recover

double the value of the property taken and sold, because it was exempt from levy and sale, cannot be sustained for two reasons:

First, the schedule claimed to have been presented to the officer by appellee, was made out, sworn to and presented, before the second execution was issued by the magistrate. It was prepared and presented to prevent the sale of the property levied upon under the first execution, and when that execution was returned and another one issued, and other property levied upon, the old schedule and the former presentation of it to the constable, lost all vitality and force, and could not be again used as a compliance, with the requirements of the statute, to prevent the sale of the property taken under the second execution; and second, the penalty could not be recovered under the first count, as under that count the plaintiff was only entitled to recover single damages for the trespass.

To recover the penalty, he should have declared specially on the statute. Pace et al. v. Vaughan, 1 Gilman, 30.

Under the first count, however, appellee was entitled, by the evidence, to recover single damages.

It appears that the constable sold the corn levied upon by him, one day before he was authorized by law to make the sale. This act made him a trespasser *ab initio*. An officer becomes a trespasser *ab initio*, if he sells, on his process, more property than is necessary to satisfy the demand, or if he proceeds to sell before the time when, under the statute, he is at liberty to do so. Cooley on Torts, 462; Knight v. Herrin, 48 Maine, 533; Smith v. Gales, 21 Pickering, 55.

But the verdict and judgment were for too large an amount. Appellee, under the evidence, was only entitled to recover the actual damages he sustained. He testified that his corn was worth about $165.

It was sold and bid in at the sale by the appellants, who held the judgment, at $80, and that amount was credited upon the judgment, and to that extent appellee was benefited, and that amount should be deducted, in the nature of a recoupment from the value of the corn.

The verdict and judgment then should have been for $85 in-

stead of $150.   For this error the judgment must be reversed, and the case remanded.

Judgment reversed.