## CYRUS L. BERRY

### v.

## ELIZABETH A. HANKS.

*Exemptions—Personal Property—Secs. 13 and 15. Chap. 52, R. S.—
Deserted Wife—Family—Sufficiency of Schedule—Fraud.*

1. A deserted wife without children is a "family" within the meaning of Secs. 13 and 15, Chap. 52, R. S., and is entitled to personal property of the husband to the amount of $100.

2. In the case presented, this court holds that a sale by the wife of property so exempt before the same was levied upon, and the taking of it back after such levy, can not be considered fraudulent, although the statute requires the scheduling of property before the allowance of the exemption for which the law provides.

3. The omission of some property of the debtor from the schedule will not work a forfeiture as to the articles named therein.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. STARR & STARR, for appellant.

The language of the statute and the policy and intent of the law is, that there shall be a family to receive the benefit of the statute. It is a relation of *status*, not of contract. Thompson, Homestead and Exemp., Chap. 2, Sec. 40, etc.

The language of the Illinois statute is, that after the head of the family has deserted his family, "the family shall receive," etc. Other statutes and codes say "wife and children," or "wife," or "either husband or wife," or "widow and children." Thompson, Homestead and Exemp., Sec. 40, etc.

The Illinois statute contemplates that a family must remain, and uses that language.

In Rock v. Hass, 110 Ill. 529, in a full consideration of the subject, the Supreme Court decided that a family can not consist of one person.

This is consonant with the reason of the rule and the adjudicated cases, to the effect that when the relation of dependence is wanting, there can be no family to claim the benefits of the act. A married woman whose husband did not reside with her, having no children, held, not entitled to the exemption, under a statute similar to our own, using the word "family," for the reason that there was no family—no one dependent on her. Thompson, Homestead and Exemp., Sec. 68. See also Race v. Oldridge, 90 Ill. 150.

The Illinois decisions are uniform and strong upon the point that exemptions should not be allowed to party attempting to deceive and defraud, and although "property might have been exempt if no sale had been made, yet sale having been made to defraud creditors, debtor can not take it back so as to recover triple damages." Cook v. Scott, 6 Ill. 333; Cassell v. Williams, 12 Ill. 387; Getzler v. Saroni, 18 Ill. 511; Cipperly v. Rhodes, 53 Ill. 351.

Messrs. O'SHAUGHNESSY & MAPLE, for appellee.

A widow, whose children have all left her, and who remains on the farm, is head of a family. Collier v. Latimer, 8 Baxter (Tenn.), 420.

Whether or not appellee was the head of a family was a question for the jury. Race v. Oldridge, 90 Ill. 250; Barnes v. Rogers, 23 Ill. 350.

The case of Rock v. Hass, 110 Ill. 529, cited by counsel for appellant, refers to the statute exempting a homestead, which reads, "Every householder having a family," etc. The court might well hold under this statute and under the facts of this case, that upon the death of the husband, the wife would not be entitled to the homestead exemption. The widow in this case had children who were not living with her. But we are aware of no case where the husband and wife were living together on a homestead, in which the court of last resort in this State has decided that the survivor has not a homestead exemption for the reason that there are no children or other persons living with him or her. On the contrary, it has decided just the reverse.

A widow without children, with servants alone, is entitled to a homestead. White v. Plummer, 96 Ill. 394. In Kitchell v. Burgwin, 21 Ill. 45, the court says: "Having a wife is having a family."

A childless widow is within the words "family of the deceased." Estate of Walley, 11 Nevada, 260.

The right of appellee and Lewright to rescind the contract of sale can not be disputed. It was outside and disconnected from any claims or rights of appellant. If the sale was fraudulent, being made to hinder and delay creditors, no title passed, and if the property was not exempt, it was just as liable for Hank's debts as if no sale had been made. Nor would the sale, if fraudulent, destroy appellee's claim for exemption. Redden v. Potter, 16 Ill. App. 265; Bell v. Devore, 96 Ill. 217; Wilcox v. Hawley, 31 N. Y. 648; Tracy v. Cover, 28 Ohio St. 61; Hanes v. Tiffany, 25 Ohio St. 549; Megehe v. Draper, 21 Mo. 570; Mosby v. Anderson, 40 Miss. 49; Vaughn v. Thompson, 17 Ill. 78; Ketchum v. Allen, 46 Conn. 416; Crummen v. Bennett et al., 68 N. Car. 494; Sears et al. v. Hanks et al., 14 Ohio St. 298.

The rescission of the sale made the *status* of the property exactly what appellant claimed it to be, so far as ownership was concerned, when the writ of attachment was levied.

A debtor can sell property that is exempt, and it is no fraud upon his creditors. Green v. Marks, 25 Ill. 223; Ives v. Mills, 37 Ill. 75; Bliss v. Clark, 39 Ill. 590.

After a debtor has selected $300 worth of property exempt from execution, any execution against the debtor must be levied on other property and an officer can not justify himself in the sale of selected property on the ground that the debtor had other property. Austin v. Sevauk, 9 Ind. 109; Megehe v. Draper, 21 Mo. 510; Douch v. Rahner, 61 Ind. 64.

Protection is withdrawn from property not scheduled. Blair v. Parker, 4 Ill. App. 409. But it does not follow from this that protection is withdrawn from property that is scheduled. A schedule is not bad on account of omissions. State v. Reed, 94 Ind. 103. Debtor has valid claim of exemptions, though he fraudulently conceals other property, and refuses to surrender the same in execution. Elder v. Williams, 16 Nev. 416.

LACEY, J. The appellee sued the appellant, who was sheriff of Peoria county, averring in the declaration that he, under writ of attachment in favor of Allen Fahnestock against her and her husband, Green P. Hanks, for the sum of $92, issued out of the Circuit Court of said county, on December 18, 1885, levied upon certain goods of Green P. Hanks, of the value of $200, at the time of such levy in the hands of the appellee; that on November 10, 1885, said Green P. Hanks was the head of a family and resided with the same in said county, and about that date deserted his family, and continued in such desertion till the time of filing the declaration; that appellee was his wife at the time of such desertion, and up to that time had constituted his family; that on December 21, 1885, she made a schedule of all the personal property of every nature and kind of Green P. Hanks, including money on hand and debts due and owing him, and subscribed and swore to the same and delivered it to defendant; that on December 29, 1885, appellant summoned three householders and caused them to be duly sworn, to fairly and impartially appraise the property of said Green P. Hanks, which appraisement aggregated less than $400; that thereupon she selected such articles in said schedule as exempt, under the statute, from attachment, and appellant refused to deliver the same to her, or release it from said levy, whereby she claimed as damages double the value of said property.

The declaration was demurred to by appellant; demurrer overruled and appellant pleaded over.

The cause was tried by a jury, and verdict for appellee for $232.90, and judgment on the verdict, from which this appeal is taken. The appellant insists that the appellee was not a " family" within the meaning of Secs. 13 and 15, Chap. 52, R. S., and only entitled, as an individual without a family, to an exemption of $100, which she received; that out of the property levied on she was entitled to no exemption; that she did not comply with the statute in making her schedule and turning out to the sheriff the property in question.

The first point raised calls for a construction of the above sections. Sec. 13 reads as follows, when specifying the exemptions, viz.:

Berry v. Hanks.

" One hundred dollars worth of other property to be selected by the debtor, and in addition thereto, when the debtor is the head of a family and residing with the same, three hundred dollars worth of other property to, be selected by the debtor."

Section 15, under which the appellee claimed the property in dispute, provides as follows: " When the head of the family shall die, desert, or not reside with the same, the family shall be entitled to and receive all the benefit and privileges which are by this act conferred upon the head of the family residing with the same."

The direct question here raised, so far as we have been able to find, has never been passed upon by the Supreme Court or any of the Appellate Courts, and is not entirely free from difficulty. We are constrained to hold, however, that the appellee, under the statute, was entitled to the exemption her husband would have been, had he been residing with and making up a part of the family.

The husband being the head of the family and residing with the same is entitled to the exemption. The husband and wife may constitute a *family*. One person in the strict sense of the term can not constitute a family. Race v. Oldridge, 90 Ill. 250.

The statute requires that the husband must reside with his family, of which he is the head; but strictly speaking, where he and his wife alone constitute the family, he resides *with his wife*, not with the family, unless we can say he resides with himself as a part of the family; but persons always reside with themselves.

This would prove too much; for if the husband was compelled to reside with a family as the head, consisting of others beside his wife, he could never claim the exemptions allowed under the statute unless there were members of the family other than himself and wife. The true rendering of the statute, when applied to a case like this, would seem to be, that, in case a husband lives in the family relation with his wife, and is the head of the family consisting of himself and wife, he shall be entitled to the specified exemptions, and

in case he dies, deserts, or does not reside with his wife as a part of the family, then she, the remaining member of the family, after being deserted or left a widow, shall be entitled to the exemptions out of her husband's property that the husband would be if living with her.  Neither the husband after he shall desert, nor his administrator or heirs after his death, is entitled to the exemption.  So the creditor can be put in no worse condition by extending the provisions of the statute in case of death or desertion, to the wife, in a case like this.

We can see no good reason for excluding the wife, where there is no other member of the family, from the benefits of the statute, unless it should appear plain that such was the intention of the legislature from the language used.  We think the statute should not receive the construction contended for by the appellant.  It should receive a liberal and not a strict construction.  To construe it as contended for by appellant would be to give it an illiberal and technical construction not warran.ed by the reading or the general policy of the legislature.  We may draw some light from the policy of the legislature in another branch of exemptions—that of homesteads.

Such statute had the same object in view as the present one in regard to exemptions of personalty.  That is, the humane object of protecting the weak and unfortunate.  The homestead act, now a part of the general act on exemptions, provides—Sec. 2, Chap. 52:

"Such exemption (the homestead) shall continue after the death of such householder for the benefit of the husband or wife surviving, so long as he or she shall continue to occupy such homestead."

The Supreme Court in giving that statute a construction said: "A widow without children is as much entitled to retain the homestead of her husband as one with children, for she may occupy it herself with servants, or alone if she chooses." White v. Plummer, 96 Ill. 394.  The opinion went so far in favor of the wife in giving a construction to the statute in regard to her "occupation of it," under the statute, that three of the judges dissented.

Taking into consideration the liberality of the legislature and the courts in ameliorating the condition of the debtor class and their dependents, is it likely that the legislature meant by the language used to exclude the wife from the benefit of the exemptions of personal property allowed to the husband and his deserted family, where the family consisted alone of himself and wife?

We think no such exception was intended, and hold that the wife was entitled to the exemption.

We do not think the second point is well taken. We do not think the sale of the goods to Lewright was fraudulent. It is true the sale was made prior to the levy and the goods taken back after the levy. But the goods sold did not amount to $400, and in fact the whole amount left by her husband did not amount to that sum. We can not see how there could be any fraud in making the sale, as none of the goods were subject to the attachment in case appellee desired to claim them. Green v. Marks, 25 Ill. 223; Ives v. Mills, 37 Ill. 75; Bliss v. Clark, 39 Ill. 590.

Nor do we think that the new statute that requires scheduling before exemptions can be claimed, has the effect to change the doctrine announced in the above cases. The appellee had a right to annul the sale made to Lewright after the property was levied on as the property of her husband and herself. We can not see how appellant was injured by that act, especially where there was no attempted fraud.

We also think the third point not well taken. The schedule appeared to be in proper form, although it might have been more specific in stating what particular property belonged to her, and what to her husband. She was entitled to $400, as the deserted wife of her husband, out of the property he left, even if she had no property of her own; but if she had a hundred dollars worth of her own she was entitled to exemption as to that as a common debtor; but she could not take both. The $100 worth of property was given her by appellant, so that portion was satisfied.

She demanded, under the schedule, $300 more. The officer well understood that she claimed that, under the provisions of

the statute allowing her this out of the property of her husband left by him when he deserted her, and the schedule was sufficiently formal.

The point is made that the schedule did not contain all the property of the husband. We think it did substantially. The property mortgaged to Marlatt had been foreclosed by his taking possession before the levy and schedule under the chattel mortgage.

It was not more than enough to pay the mortgage debt. Even if some property had been omitted from the schedule we do not think that appellee's right to claim the property scheduled was forfeited.

The statute allows all property not scheduled to be levied on and sold—not that named in the schedule and claimed. Austin v. Sevauk, 9 Ind. 109; Megehe v. Draper, 21 Mo. 510; Douch v. Rahner, 61 Ind. 64, State v. Reed, 94 Ind. 103; Blair v. Parker, 4 Ill. App. 409; Elder v. Williams, 16 Nev. 416; Hearth v. Keyes, 35 Wis. 668.

Upon the whole we think the case was fairly tried. Seeing no error, the judgment is affirmed.

*Judgment affirmed.*