Horton v. Smith.

*Reversed and remanded.*

---

## MITTIE L. HORTON
### v.
## CHARLES W. SMITH.

*Bills of Exceptions—Amendment of—Practice—Exemptions—Filing Schedule—Omission Therefrom of Part of Property—Failure of Officer to Attach Jurat to Schedule.*

1.  A bill of exceptions did not show that exception was taken to the

judgment, and, upon notice, the court at the next term amended the bill of exceptions to show the fact that exception was duly taken; *held*, that the amendment was properly allowed, and that the fact that the judge allowing the amendment was the successor of the judge presiding at the trial was immaterial.

2. The omission of articles from a debtor's schedule does not deprive the debtor of the right to claim exemption of the articles actually scheduled.

3. Where a sheriff administered the oath to a debtor filing a schedule with him but failed to attach the jurat to the schedule, *held*, that his omission did not deprive her of her right of exemption.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Fulton County; the Hon. J. C. BAGBY, Judge, presiding.

Messrs. MASTERS & DYCKES, for appellant.

Messrs. GRAY & WAGGONER, for appellee.

Mr. JUSTICE WALL. This was replevin by appellant against appellee. The case was tried by the court, a jury being waived, and the issues were found for the defendant. Judgment accordingly, from which the plaintiff prayed an appeal to this court. The bill of exceptions did not show that exception was taken to the judgment, and upon notice the court at the next term amended the bill of exceptions to show the fact that an exception was taken at the proper time. It is now moved to strike the amended record from the files. First, because the judge presiding when the amendment was made was the successor in office of the judge presiding on the trial, and second, because there is nothing in the record to amend by.

The change in the judges can make no difference, since the application is to the court and not to the judge, and is for the purpose of amending the record of the court. As to the second objection, an appeal was prayed and allowed, and time fixed for the presentation of a bill of exceptions. It appears that it was the common practice in that court to

consider the exception made in such cases without orally stating it; that it was always considered as included in the prayer for appeal, and was always incorporated in the bill of exceptions. Such is the common practice elsewhere, and we presume generally. The statement of the exception is purely a matter of form and may well be considered as implied by praying an appeal. We think there was enough of record to amend by. The motion to strike out will be denied.

The appellant was defendant in an execution held by the appellee as deputy sheriff. When she was notified of the execution she tendered him a list of her personal property as a schedule under the statute and claimed her exemption. This list was signed by her but not sworn to. He called her attention to the fact, and she said she wished to make the necessary oath, and he thereupon administered it orally and accepted the paper but did not affix the jurat. After the ten days had expired he levied upon the property in question and this suit followed. It is now insisted that the statute was not sufficiently complied with because the schedule did not purport to contain all the personal property of the defendant in execution, including money and debts due, and because the oath was not written out in due form when the schedule was tendered. The omission of articles from the schedule would not forfeit the right to claim what was actually scheduled. Berry v. Hanks, 28 Ill. App. 51. The statutes provide that "said schedule shall be subscribed and sworn to by the debtor, and any property owned by the debtor and not included in the schedule shall not be exempt." This list was subscribed, and the officer was, by the statute, authorized to administer the oath. It was his duty to administer it in the proper form and he should have at once written the same in full at the foot of the paper or on another paper attached thereto. That he did not do so, and that he suffered the appellant to suppose she had made the proper oath until too late to make a new schedule was his fault, not hers, and should not deprive her of the right to claim her legal exemption. Had

he declined to administer the oath until it was properly written, another question would be presented which need not now be discussed. She was clearly entitled to an exemption, whether she was the head of a family or not. We are inclined to the opinion that under the facts in proof she should be regarded as the head of the family, and as such entitled to claim the exemption of property to the extent of $400 in value. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*