## M. L. Barrett v. C. A. Bogardus.

1.   ESTOPPEL—*Statements in a Debtor's Schedule.*—A, having secured a judgment against B, caused an execution to be issued and levied upon a piano in B's possession.   B thereupon made a schedule under the exemption law, including, among other property, "one piano, title in Aurora Piano Co."   The piano company having been defeated in a replevin suit against the officer, B claimed the piano, and on a trial of the right of property *it was held* that his statement in the schedule as to the title to the property did not operate to estop him from setting up any claim he might have.

**Trial of the Right of Property.**—Appeal from the County Court of Kane County; the Hon. MARCUS O. SOUTHWORTH, Judge, presiding. Heard in this court at the May term, 1897.   Affirmed.   Opinion filed September 20, 1897.

### STATEMENT OF THE CASE.

On July 11, 1894, appellant recovered judgment against appellee for $202.49 by confession in the Circuit Court of Kane County.   An alias execution was issued thereon October 25, 1895, and placed in the hands of the sheriff of said county, who levied the same upon one piano of the Aurora Piano Co. manufacture, which is the property in controversy in this suit.

On October 30, 1895, appellee made his schedule under the exemption law, and delivered the same to F. H. Holz, deputy sheriff, who then had the execution. Among other personal property included in the schedule was the following, viz: "One piano, title in Aurora Piano Co." Without paying any attention to the schedule, the sheriff on November 2, 1895, placed a custodian in charge of the piano, and the Aurora Piano Co. on the same day replevied and took the same from the possession of the sheriff. On a trial of the replevin suit in the City Court of Aurora, the piano company was defeated, and the piano was returned to the possession of the sheriff. Appellee then claimed the property in the piano, and served a notice upon the sheriff, in pursuance of the statute, to try the right of property. This notice was returned into the County Court, where a jury was waived, and a trial of the right of property had before the court, resulting in a judgment in favor of appellee, from which Barrett appeals to this court.

It appears that appellee had purchased the piano in question from the Aurora Piano Manufacturing Company some time in 1892, the purchase price being $350, upon which he paid $150 in cash, and gave his note for the balance. Long before the date of appellant's judgment the piano company had been pressing appellee for payment upon this note, and some time in 1895, it was agreed between Harry Sadler, business manager of the piano company, and appellee, that the latter should return the piano to the company and the company should surrender up the note to him. But it turned out afterward that the company was not the owner of the note at the time of this agreement, so that it could not surrender the same to appellee, and nothing further was ever done under the agreement; appellee retained the possession of the piano, and his note still remained outstanding. This was the situation at the time of the levy and the making of the schedule.

NICHOLS & SEARS, attorneys for appellant.

LITTLE & AVERY, attorneys for appellee.

It is essential to an estoppel by conduct that there be a fraudulent purpose and a fraudulent result, the element of fraud is indispensible. Knapp v. Jones, 143 Ill. 375; Boynton v. Holcomb, 49 Ill. App. 503.

Again: There must be deception and a change of conduct in consequence. Mullanphy Bank v. Schott, 34 Ill. App. 500; Boynton v. Holcomb, 49 Ill. App. 503.

Again: There must be misrepresentation or concealment of material facts and reliance on the same with prejudice. Boynton v. Holcomb, 49 Ill. App. 503.

There is no estoppel where the parties are equal in knowledge of the matter, and the party acting acts wholly on his own judgment. Knapp v. Jones, 143 Ill. 375; Mullanphy v. Schott, 34 Ill. App. 500.

An estoppel, such as is here attempted to be set up, is odious and must be strictly made out.

The party setting it up must show that there was a willful intent to make him act on the faith of the representations and that he did so act. Keith v. Lynch, 19 Ill. App. 574.

Again an estoppel never takes place where one party did not intend to mislead and the other party is not actually misled. Brown v. Bowen, 30 N. Y. 541; Jewett v. Miller, 10 N. Y. 406.

And again the representation must be credited as true and the thing of value be parted with, the credit be given, or the liability incurred in consequence thereof. Jones v. McPhillips, 82 Ala. 116.

Mr. Presiding Justice Crabtree delivered the opinion of the Court.

The main contention of appellant is, that because appellee noted upon his schedule that the title to the piano was in the Aurora Piano Co. he is now estopped from claiming it as his property. It is not denied that the schedule was in exact compliance with the law, otherwise than this notation of ownership in the piano company. But even though that memorandum was made, appellee distinctly stated that he desired to avail himself of the benefit of the exemption law, and that he claimed all the property listed in the schedule

as exempt under the law. He was mistaken as to the title being in the piano company, as was developed in the trial of the replevin suit, but we think so far as he had any interest, he was entitled to have the benefit of the exemption law. It was the clear duty of the sheriff to summon three householders to " appraise the property  *  *  * " and fix the " fair valuation on each article contained in the schedule," as provided by statute, and failing to do this, he had no right to the property under his levy. The doctrine of estoppel has no application so far as appellee is concerned. There seems to have been no element of fraud. He did not seek by his schedule to deceive any one. Had he made no mention of the rights of the piano company in view of the agreement with it, he would have been doing quite right so long as he and the company mistakenly supposed that such agreement transferred the title of the property to the company. But even had that agreement been carried out, he still had an equity in the piano which was to be recognized in case he became able to redeem.

It would seem that if the doctrine of estoppel applies anywhere in the case, it would be against appellant. He caused the piano to be levied upon as the property of appellee. He resisted the replevin suit on the ground that the piano was appellee's property, and subject to levy under the execution. Having succeeded in that suit, he now claims that appellee has no right to the benefit of the exemption law under his schedule, because he mistakenly stated the title to be in the piano company. Appellant ought not to be permitted now to take that position. We think the judgment is just, and finding no error in the rulings of the court, it will be affirmed.