Wilson's Assignee v. Wilson, &c.

CASE 103—PETITION EQUITY—OCTOBER 6.

# Wilson's Assignee v. Wilson, &c.

### APPEAL FROM TODD CIRCUIT COURT.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—RESERVATION IN THE
   DEED—ESTOPPEL.—One who executes a deed of assignment for
   the benefit of creditors being the absolute owner and having the
   statutory right to dispose of the property may except from the
   conveyance all or any of it; and the assignee having accepted
   the deed is bound by the reservations therein, and estopped by
   it to claim or exercise title and control of the property so
   reserved.

2. EXEMPTIONS—STATUTORY CONSTRUCTION.—A married woman who
   for a number of years has supported her husband and children
   is "a person with a family," although her husband is living,
   within the meaning of sec. 1697 of the Kentucky Statutes pro-
   viding certain exemptions.

FORGY AND PETRIE FOR APPELLANT.

1. The exemptions provided in sec. 1697 of the Kentucky Statutes
   are given only to persons who have a family resident in this
   commonwealth. The appellee has a living husband and it is
   not shown that the moral duty and necessity devolves upon her
   to support herself and family, and it is the husband who has the
   family.

2. There can be no exemption allowed unless there are dependants
   who are legally and morally entitled to be supported by the
   claimant.

T. L. EDELEN FOR APPELLEE.

1. The purpose of the exemption is to assure a family a reasonable
   support. It is immaterial to the infants of the family who
   manages the property from which their support is derived.
   Public policy as manifested by the Statute of Exemption requires
   that they should not be made a charge upon the community.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

January 4, 1895, appellee, S. E. Wilson, a married woman, executed a deed to S. W. Forgy and B. B. Petrie, which they accepted, conveying for benefit of creditors her property of every kind, including a stock of groceries, hardware, etc., that she had as a retail merchant in store. But the deed contained this clause: "It is understood that any and all property that may be by law exempt from sale under execution to said S. E. Wilson is not hereby intended to be conveyed to said parties of the second part." During settlement of the assigned estate commissioners reported to court that the family of which she was a member consisted of herself, husband and three children, under age; and that neither of them had on hand at date of the assignment or of the report sufficient provisions, including breadstuff and animal food, to sustain the family for one year, nor any commutable property or money not conveyed by the deed of assignment. After the report was filed and evidence heard the court rendered judgment that D. T. Mimms, then assignee in place of Forgy & Petrie, resigned, pay to S. E. Wilson $200, being $40 for each person composing the family that the statute in such case exempted or required to be paid an execution debtor with a family in lieu of provisions necessary for their support for one year.

Of that judgment no creditor complains, but the present assignee alone prosecutes this appeal therefrom. And thus arises a preliminary question whether he, occupying the attitude of the original assignees, is not estopped by the deed and, therefore, without standing in court.

Mrs. S. E. Wilson, being absolute owner and having statu-

tory right to dispose of the property, might have excepted from the conveyance all or any of it. The assignees certainly did not nor could, in virtue of the deed, acquire title to or power to control any part not in fact or not intended and agreed by the parties to be conveyed. And that she executed and the assignees accepted the deed contemplating and agreeing there was reserved by her, and not intended to be passed to them, title of property that would have been exempt from sale under execution if she had been a *feme sole,* is manifest. But we deem it proper, under the circumstances, to treat and determine this case as if her right of exemption for benefit of the family was intended by the parties to be dependent upon a judicial interpretation of the statute.

Section 1697, Kentucky Statutes, provides: "The following property of persons with a family, resident in this Commonwealth, shall be exempt from execution, attachment, distress or fee bill, namely." Then comes a list of various articles of property exempted and this qualification: "Sufficient provisions, including breadstuffs and animal food to sustain the family for one year; if not on hand, other personal property, wages, money or growing crop not to exceed forty dollars in value for each member of the family."

Where policy and purpose of a statute is plainly indicated the court is not authorized to restrict its scope or limit its application except to an extent the language used absolutely requires, or as to conditions undoubtedly intended to be excepted from its operation; and a chancellor would be especially derelict in refusing to adopt such rule in construing a statute beneficent in its character and object.

It has been the policy of this State from the beginning

to exempt from coercive sale specified articles of personal property belonging to a debtor with a family, including provisions sufficient to sustain the family for one year; and such list, instead of being diminished, has from time to time been enlarged. But the purpose has never been to solely benefit the debtor, nor has any statute ever been enacted authorizing exemption of the property of a person not, in language used, "with a family, resident in this Commonwealth." It appears from the evidence in this case and finding of facts by the lower court that in 1879 O. J. Wilson, husband of appellee, became insolvent, and has so remained ever since; that for ten years prior to date of the deed of assignment she had been engaged in the grocery business, established by her own efforts and means, and in that way supported herself, three children and husband, all of them being without property and dependent on her for support. It does appear the husband worked in the grocery store with appellee; but when she failed in business and made the deed of assignment he was left without means of support, as he had been without property of any kind, and, except for the $200 exempted the entire family would have been without provisions to sustain them for any length of time.

The statute does not in terms inhibit the exemption or setting apart of the property of a married woman who has, as did appellee, for years, and up to the time of failing in business supported her family, including the husband, and upon whom, as is proved, they depended for support. On the contrary, that member of a family who does actually support the others, and without whose exertion and means

they would have no support, can, though a *feme covert*, be fairly regarded and treated according to the language as well as reason of the statute, a "person with a family." Any other interpretation or application would be a sacrifice of the substance for a shadow. And not to allow the exemption in question would be a denial of the benefit of the statute in a case plainly within its scope and purpose and detrimental to a class of persons deserving its protection and intended to be protected.

Judgment affirmed.

Judge DuRelle delivered the following dissenting opinion:

I am constrained to dissent from the opinion of the majority in this case. The appellee claimed, and has been allowed, exemptions under the law embodied in section 1697 of the Kentucky Statutes, providing that certain "property of persons with a family, resident in this Commonwealth, shall be exempt." * * * The phrase "persons with a family" means undoubtedly persons having a family, and has been uniformly so construed. It can not mean persons living with a family; and the theory has always been that the exemptions were allowed to that person of the family upon whom the law threw the burden of the family's support. This is invariably the husband, if living, except in certain cases provided for by statute. The person with the family could waive the exemption, could sell the property exempt, or mortgage it, and the family in such case were relegated to their legal or moral claim upon him for support. Upon the death of the husband the wife succeeded to his rights and became charged with his obligations, because in that case she became the "person with a family."

It is not here contended that there may not be circumstances under which the wife of a living husband would be a person with a family within the meaning of the statute. That might possibly be so in the case of an insane husband. But in this case the husband is not claimed to have abandoned his wife, to be insane, imbecile, or even in bad health; on the contrary, he has been for many years assisting his wife in the conduct of the business, apparently without salary, and, therefore, must be supposed to have contributed as fully as his ability has permitted to the support of his family. In this case the claim of exemption in favor of the wife is based wholly upon the fact that the husband is insolvent. No such ground is recognized by the law; on the contrary, the exemption is allowed by statute to "a person with a family," if every other member of the family is wealthy. The statute is peremptory and direct.

Nor does the act of March 15, 1894 (Kentucky Statutes, 2127 et seq.), known as the Weissinger Act, appear to change the situation. That act allows the married woman to hold and own all her estate to her separate use, free from her husband's debts, liabilities or control. It authorizes her to take, acquire and hold property in her own name, as if she were unmarried, to make contracts and sue and be sued as a single woman, with certain exceptions as to her right to contract with regard to real estate. But nowhere has it been claimed that the husband was thereby relieved from the obligation to support her and the children. Under this act a woman trading in her own name and obtaining credit may fairly be presumed to have obtained the credit upon the strength of the business she conducted and the property

she acquired and held, and upon the assumption that, as the husband was chargeable with her support and that of the family, he was entitled to the exemptions, and, therefore, her property was not exempt. It might, with some show of logic, be held that the Weissinger Act created a dual head to the family; that the husband and wife are thereby made separate individuals, each of whom is a person with a family within the meaning of the statute. This does not seem to me to be a fair construction of the Weissinger Act, or within the purview of its intention. Upon that assumption the husband and wife would each be entitled to the statutory exemption as against his or her creditors out of the property owned by him or her. It is held in this case that the wife, by reason of her having property and carrying on a business, is entitled to the exemption, but there is nothing in the statute which either expressly or by implication takes the right from the husband. If, therefore, the husband had property and created debts, he would also be entitled to the exemption out of his property as against his creditors. Undoubtedly he is a person with a family; undoubtedly he is charged with its support, and he is not, nor can he be, estopped by anything recovered by his wife in this case. He is not a party to the proceeding; in fact it may well be doubted whether he would be a proper party, as the statute authorizes her to sue and be sued in her own name.

Such a construction, giving exemptions to each would have a manifest advantage over the construction given by the opinion of the majority, in that, under it, all persons trading with either husband or wife would do so with notice of their legal rights in the matter of exemptions.

(47)

Under the law as laid down in the opinion no man trading
with either husband or wife can tell whether the woman will
be entitled to the exemption.

It is greatly to be feared that the present construction
will be productive not only of domestic dissension, but of
endless litigation.

Judges Guffy and White concur in this dissent.