CASE 75.—ACTION BY RAY BAUM, &c., AGAINST J. C. TUR-
NER AND OTHERS FOR DAMAGES FOR SEIZING
CERTAIN PERSONAL PROPERTY UNDER AN AT-
TACHMENT.—October 9, 1903.

## Baum, &c. v. Turner, &c.

Appeal from Bell Circuit Court.

From the judgment the plaintiff, Baum, appeals—
Affirmed as to all the parties except J. C. Turner.

1. Attachment—Damages—Sufficiency of Petition.—In an ac·
tion for damages against an officer who levied a general
attachment upon personal property which was exempt from
execution, the rule applicable to actions on attachment bonds
and for maliciously suing out an attachment, that it must
be alleged that the levy had been discharged by the court
before which the attachment was returnable, does not apply
and such an allegation is not necessary to make the petition
good on demurrer.

2. Husband and Wife—Rights of Wife Deserted by Husband.—
Under subsection 4 of section 34 of the Civil Code, which
provides that a wife who is deserted by her husband may
bring or defend for him any action which he might bring or
defend, a wife, whose husband has abandoned her, may in·
stitute and maintain an action against an officer for dam-
ages for the levy of a general attachment upon the   ex-
empted property of her husband, such property being then
in her possession and used by her.

3. Same.—The mere desertion of the wife by the husband does
not render personal property exempt under the statute to
a person having a "family resident in this Commonwealth"
liable to seizure by his creditors and to subjection to their
claims against him.

4. Sufficiency of Petition.—The failure of the petition to allege
that the sureties on the official bond of the officer who levied
the attachment had signed the bond and that it had been
accepted and approved by the proper authority rendered it
subject to demurrer as to the sureties.

N. B. HAYS and GEO. W. SAULSBERRY for appellants.

J. G. FITZPATRICK and C. A. WOOD for appellees.

OPINION OF THE COURT BY JUDGE O'REAR.

Appellant filed this action against appellees to recover damages for the seizure of certain personal property under an attachment. The court sustained a general demurrer to her petition and she appeals. The sufficiency of the petition to state a cause of action is, therefore, the only question on the appeal.

It was alleged in the petition that the plaintiff on January 6, 1901, was married in Louisville, Kentucky, to Joe Baum; that shortly thereafter she and her husband removed to Middlesboro, Kentucky, and bought household goods, consisting of one bed, bedstead, bedding, cooking stove and utensils, knives, forks, spoons, and such other articles as were necessary for housekeeping, and began to keep house; that about February 1, 1901, Joe Baum, her husband, left and deserted her and she does not know of his place of abode; that she brings the action for herself and her husband, the said Joe Baum; that on February 9, 1901, two suits were filed in the police court at Middlesboro by H. Weinstein & Bro. against Joe Baum for sums aggregating $165.43 and attachments were sued out, which on February 11, 1901, were placed in the hands of the defendant J. C. Turner, deputy chief of police of Middlesboro, and he in her absence from her place of residence procured some neighbor children to open the outer door and proceeded to seize all her household goods, took down her bedstead, and cook stove and commenced to remove same from her possession over her objection after he was warned that the property he was taking was exempt from execution and belonged to her;

that all of the articles taken were then being used by her as a housekeeper and for no other purpose and were of value to her $250; that she offered to file her petition in the two cases in the police court claiming said property as exempt, but the court refused to allow her to appear and defend, holding that she had no standing in court, and no further action was taken in the cases, and that they were still pending undetermined. She prayed judgment for $5,000 damages. The ground of the court's ruling in sustaining the demurrer appears to have been that the plaintiff did not show that the levy had been discharged by the court before which the attachments were returned. In support of the ruling Nolle v. Thompson, 60 Ky. 120, (3 Met.) is relied on. In that case it was held that no action will lie on an attachment bond or for maliciously suing out an attachment until the attachment is discharged, and such final disposition of the attachment must be alleged. But this is not an action of an attachment bond, or for maliciously suing out an attachment. If the officer had seized the property under a specific attachment, directing him to take it, then this case would apply. But the writ under which the defendant acted being a general attachment did not authorize him to take any property that was exempt from execution; and in so far as he went beyond the command of the writ, his process was no protection to him, and he was a trespasser. Being a trespasser he was liable to immediate action, as much as if he had acted without any process at all.

When the question is, whether the attachment was wrongfully sued out, the attachment defendant or any one claiming under him must, to establish the affirmative, show that the attachment has been dis-

charged in the suit in which it was issued. But here the question is not as to the wrongful suing out of the attachment. The only question is, did the sheriff exceed the authority which his writ conferred upon him? The authorities are uniform that if the officer makes a levy which is not authorized by his process he may be sued as a trespasser by the person aggrieved. Freeman on Execution, section 272, 12 Amer. & Eng. Ency. of Law, 2nd ed. 249-251.

By section 34, sub-section 4, of the Civil Code it is provided:

"If a husband desert his wife, she may bring or defend for him any action which he might bring or defend, and shall have the powers and rights with reference thereto which he would have had but for such desertion."

This authorized the wife to bring the action for herself and her husband, who, it was alleged, had deserted her. They were housekeepers when he left. She remained in the house after he deserted her, continuing to keep house, and the question to be determined is, did the property which was exempt before the husband deserted her become subject to his debts thereafter? The property was his; he might dispose of it as he saw fit and do as he pleased with the proceeds up to the time of the levy of the attachment as far as appears.

The petition does not show a severance of the domestic relation; however protracted the abandonment may have been, the parties constituted "a family" in law.

The statute creating exemptions of personal property from seizure for debts, Section 1697 Ky. Statutes, provides that certain property "of persons with a family resident in this Commonwealth,

shall be exempt from execution, attachment," etc. Unlike the statute concerning the homestead exemption the debtor is not required to be "a housekeeper." It is enough in this case if he have "a family resident in this Commonwealth," It does not appear to be material where he resides.

It is to be noted that these exemptions are in no instance allowed to a person who has no family or had none. The protection of the family as such, from the misfortune of debt that cannot be met, was the prime consideration of the Legislature. This is further evidenced by the fact that after the debtor's death, the same exemptions, substantially, continue for the benefit "of his family." (Section 1707 Ky. Statutes.) This last section shows, too, that the widow alone may constitute the family.

The purpose of the statute is a humane one. And it is wise. It will be given, always, a liberal interpretation to effectuate its beneficient intendment.

The title, and the legal custody and control of movable chattels must be lodged conveniently for their easy and safe disposal and transfer. So they are, in the case of exempted personal property, reposed in "the head of the family"—generally the husband and father. He may sell them, and pass a good title. Notwithstanding this, the fact that the welfare of the family and its rights to possess and enjoy this property to the exclusion of creditors, is the great object of the statute, must be borne in mind in construing it in a contest between "creditors" and the "family." True, the property may be the husband's, yet the wife and the infant children have a qualified use in it, and therefore the right to hold it, as against an execution or attachment creditor. (Bonnel v. Dunn, 29 N. J. L. 435; Regan v. Zeeb,

28 Ohio St. 483; Steele v. Leonori, etc., 28 Mo. App. 675.)   Under sub-section 4, Section 34 Civil Code, supra, it was competent for the wife to institute and maintain on behalf of her absent husband, a suit necessary to protect the exempt property from seizure for his debts.   Or, if the officer or creditor have already disposed of the property, she may maintain the suit to recover its value, and the damages for its detention.   It would be a mockery to confer by statute the right to enjoyment of property, and yet for the courts to deny relief when the right has been infringed.   As said by Chief Justice Lewis in Wilson v. Wilson, 101 Ky. 731 (10 Law Rep. 925) in construing this same section under somewhat similar circumstances:

"Any other interpretation or application would be a sacrifice of the substance for a shadow.   And not to allow the exemption in question would be a denial of the benefit of the statute in a case plainly within its scope and purpose, and detrimental to a class of persons deserving the protection and intended to be protected."

That a deserted wife is "a family" under an exemption statute, was held in Berry v. Hanks, 28 Ill. App. 51.

In so far as the petition sought a recovery against Turner's sureties on his official bond, it failed to state a cause of action.   It did not show that they had signed the bond; or that it had been accepted and approved by the town council.

Wherefore, the judgment is affirmed as to all of the appellees except J. C. Turner.   As to him, it is reversed, and cause remanded for further proceedings consistent herewith.