HORACE A. GOODRICH *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1905—Rehearing denied Dec. 7, 1905.*

1. SPECIAL ASSESSMENTS—*when dismissal of original petition is not res judicata.* Under section 46 of article 9 of the City and Village act a city may levy a new assessment where the original assessment has been set aside by any court, and the fact that the county court has dismissed the original petition because the city failed to make the proof required under the remanding order of the Supreme Court is not *res judicata* as to the new assessment.

2. SAME—*effect where ordinance under which work was done was defective.* Where the ordinance under which the work was done has been held by the Supreme Court to be defective but not void, the reversal of the judgment by that court and the dismissal of the original petition by the county court are a setting aside of the judgment within the meaning of section 46 of article 9 of the City and Village act, and the city may levy a new assessment.

3. SAME—*when proceeding was pending at time act of 1897 took effect.* A special assessment proceeding in which judgment of confirmation was entered in 1896 and reversed by the Supreme Court in 1898 was pending when the Local Improvement act of 1897 took

effect, and a new assessment is governed by the act of 1872, as being the law subsisting at the time the act of 1897 took effect.

4. SAME—*new assessment made under section 46 may be divided into installments.* A new assessment made under section 46 of article 9 of the City and Village act may, under the authority of section 52 of the same act, be divided into installments, or not, at the discretion of the city council.

5. EVIDENCE—*offer of evidence to prove a fact must be specific.* Offering, in a general way, to prove a fact without offering any specific evidence to prove the same, presents no question for review on objections and exceptions.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

On June 8, 1896, the city council of the city of Chicago passed an ordinance for the paving of Warren avenue from Homan avenue to Fall street. An assessment of the cost of the pavement was levied by the commissioners, and this assessment was confirmed, over the objection of the property owners, by the county court, but the judgment of confirmation was reversed and the cause remanded by this court upon writs of error in the cases of *Holden* v. *City of Chicago,* 172 Ill. 263, and *Mills* v. *City of Chicago,* 182 id. 249. Upon the case being remanded to the county court new objections were filed in lieu of all others previously filed, and upon a hearing the county court sustained the objections and dismissed the petition. A writ of error was prosecuted to review that judgment, and the same was affirmed by this court in the case of *City of Chicago* v. *Holden,* 196 Ill. 153. Subsequently the city made a new assessment under the law of 1897, but the petition was dismissed by the county court, upon objection of the property owners, upon the ground that the new assessment should have been commenced under the law of 1872. Another petition was then filed under the law of 1872 and an assessment levied. Objections were filed by appellants, which were overruled by the county court and the assessment confirmed. To review the judgment so rendered this appeal has been prosecuted.

GEORGE W. WILBUR, for appellants.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, and ROB'T REDFIELD, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first insisted by appellants that the judgment of the county court sustaining the objections filed to the assessment, and the affirmance of that judgment by this court in the case of *City of Chicago* v. *Holden,* 196 Ill. 153, is *res judicata* of the last assessment, and the county court should have sustained those objections and dismissed the petition. We cannot agree with this contention. The judgment of the county court sustaining the first or original assessment was reversed by this court because the ordinance did not sufficiently describe the height of the curb to be constructed on each side of the roadway. After the cause was remanded, and upon the rehearing in the county court, the city attempted to prove that the descriptive terms used in the ordinance as to the height of the curb had such a well known meaning that the omitted specification was, in fact, included in the description given in the ordinance. The county court held that the testimony offered failed to sufficiently supply the omission, sustained the objections and dismissed the petition, which order was affirmed by this court. (196 Ill. 153.) The objections were therefore sustained in obedience to the order of this court reversing and remanding the original cause.

Section 46 of the act of 1872 (Hurd's Stat. 1883, p. 237,) provides that if any assessment shall be annulled by the city council or board of trustees or set aside by any court, a new assessment may be made and returned and a like notice given and proceedings had as therein required in relation to the first assessment. The assessment levied under the original petition, upon being reversed, was subsequently dismissed by the county court. We have held in many cases that this is not *res judicata,* but that the city has the right, under sec-

tion 46, to immediately levy a new assessment. In the case of *City of Chicago* v. *Sherman,* 212 Ill. 498, we said, on page 502: "The first cross-error assigned is that the county court erred in overruling the motion to dismiss the petition. We do not agree with such contention. The record in *Gorton* v. *City of Chicago,* 201 Ill. 534, is the same as the record in this case, so far as it applies to the original assessment, with the exception that when the confirmation judgment was reversed and remanded and the cause re-instated in the county court no attempt was made to review in this court the action of the county court in dismissing the petition. The judgment of this court in the *Sherman case* added no force to the judgment of the county court, it being simply an affirmance of the judgment of that court. If a supplemental petition could be properly filed in the *Gorton case* we see no reason why this petiton was not properly filed. To the same effect is the case of *City of Chicago* v. *Hulbert,* 205 Ill. 346. We regard the question settled by those cases, and it need not here be further considered." Under section 46, *supra,* the city had the right to levy the new assessment, and the order of the county court dismissing the original petition was not *res judicata,* and the county court committed no error in so holding.

It is next insisted that the assessment was never annulled by the city council or set aside by any court, as contemplated in said section 46, but that the original petition was dismissed by order of the court, and under these conditions a new assessment could not be made and returned; also, that there was no valid ordinance in existence at the time the work was done. What we have just said applies, in a measure, to this contention. The record shows that after the ordinance was passed and the original petition was filed a contract was let and the improvement made in substantial compliance with the ordinance. There is a distinction made between cases where there was no ordinance in existence at the time the work was done or the ordinance under which

the work was done was void, and cases where the ordinance was merely defective. In the latter class of cases the ordinance may be defective or insufficient to support an assessment but not absolutely void, and may be amended or the defect cured by a supplemental ordinance and a re-assessment made. (*City of East St. Louis* v. *Albrecht,* 150 Ill. 506.) The original assessment in this case was set aside, not on the ground that the ordinance was absolutely void, but merely because it did not sufficiently describe the curb. The work was done under the ordinance, and the reversal of the judgment and final dismissal of the petition were a setting aside of the assessment as contemplated in section 46, and the new one could be legally levied under its authority.

Section 99 of the Local Improvement act of 1897 (Hurd's Stat. 1903, p. 415,) provides that the laws subsisting at the time of the taking effect of the Local Improvement act of June 14, 1897, shall continue to apply to all proceedings which were pending in any court in the State at the time of the taking effect of the latter Local Improvement act. It is insisted that the present proceedings were not pending in any court when the act of June 14, 1897, went into effect, and hence the petition should not have been filed under the act of 1872. It is apparent that counsel for appellants has advocated both sides of this question, as one petition of his clients was dismissed by the county court on June 13, 1904, upon objection that the petition should have been filed under the act of 1872 instead of under the act of 1897. The contention then was certainly inconsistent with the position now urged. The record, however, shows that the original assessment was confirmed on October 7, 1896, and reversed by this court on April 21, 1898, and upon the authority of *Markley* v. *City of Chicago,* 190 Ill. 276, the cause was pending at the time the act of 1897 went into effect, and the petition, therefore, was governed by the act of 1872.

It is further insisted that the assessment was not made in accordance with section 46, for the reason that it is made

payable in one installment whereas the original assessment was divided into five installments. Section 55 of the act of 1872 (Hurd's Stat. 1893, p. 276,) provides that the amount of any special assessment for any local improvement in any city, incorporated town or village may be divided into installments. Under this section the question as to the number of installments in which the assessment shall be payable, whether in one or more than one, is a question which rests solely within the discretion of the legislative body of the city, and hence there was no error in requiring it all to be paid at one time.

Appellants contend that the issue as to public benefits was tendered by the petitioner in the oath of the commissioners and the certificate to the assessment roll; that the offer was made by appellants to prove that there were public benefits on Warren avenue of at least twenty-five per cent of the amount of the assessment; that the trial court refused to receive the evidence, and that such refusal constituted reversible error. Without going into a discussion of that question, we think the question is settled against appellants' position by the case of *Lusk* v. *City of Chicago,* 211 Ill. 183, and that the court ruled correctly on the question. The record on this point does not show that appellants offered any specific evidence which was competent upon the subject, but in a general way offered to prove the fact without submitting the proposed evidence, and the question, even if it had been competent, was not properly presented or preserved for review by objections and exceptions.

We find no reversible error in this record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*