PATRICK CONWAY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 20, 1905—Rehearing denied Feb. 8, 1906.*

1. SPECIAL ASSESSMENTS—*affidavit required by section 41 need not show compliance with sections 38 and 39.* The affidavit required by section 41 of the Local Improvement act, as amended in 1901, (Laws of 1901, p. 106,) need not show that sections 38 and 39 of the act have been complied with.

2. SAME—*on supplemental assessment parties cannot attack original ordinance.* In a proceeding to levy a supplemental assessment under section 59 of the Local Improvement act, property owners cannot attack the sufficiency of the ordinance for the original assessment. (*Chicago* v. *Noonan,* 210 Ill. 18, distinguished.)

3. SAME—*when the question of benefits is not res judicata.* Although the original judgment of confirmation may be *prima facie* evidence that the property has been assessed as much as it is benefited by the improvement, it does not follow that this *prima facie* case is overcome, in a proceeding to levy a supplemental assessment, because the city did not have more witnesses testify than did the objectors.

4. SAME—*assessment payable in one payment cannot draw interest.* The city has no power to provide that a supplemental assessment payable in one payment shall draw interest, even though the original assessment was payable in installments which drew interest, as authorized by the statute in such case. (*McChesney* v. *Chicago,* 213 Ill. 592, followed.)

5. SAME—*when error in including interest does not defeat assessment.* Error in providing that a supplemental assessment shall draw interest does not defeat the assessment, where the levy for the deficit is explicit and there is nothing in the ordinance to show there are outstanding interest-bearing bonds to be paid, nor that there is any necessity of interest such as would preclude disregarding the interest provision of the ordinance and sustaining the remainder.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

MACCHESNEY & BRADLEY, and F. W. BECKER, for appellants.

Robert Redfield, and Frank Johnston, Jr., (James H. Lewis, Corporation Counsel, of counsel,) for appellee.

Mr. Justice Ricks delivered the opinion of the court:

This appeal is prosecuted from a judgment of confirmation of the county court of Cook county upon an assessment levied against the property of appellants.

The assessment proceeding was begun under section 59 of the Local Improvement act, there being a deficiency, caused by the fact that the contract price was in excess of the amount of the original estimate. The supplemental assessment is payable in one installment, and the ordinance provides that it shall bear interest at the rate of five per cent per annum. The objections urged below were, that no affidavit was filed showing a compliance with the requirements of section 41 of the act; that no estimate of the cost of the original improvement was made and appeared on the record of the first resolution; that the amount of benefits was *res judicata* by the finding and judgment in the original proceedings; that the ordinance was void in providing for interest, and that the assessment was not made in the same manner as the first.

Under the objection that no affidavit was made in compliance with the requirements of section 41 of the Local Improvement act, it is argued that an affidavit or affidavits should be filed showing a compliance not only with the provision of section 41, but with sections 38 and 39 also. It may first be remarked that the objection as filed in the court below makes no reference to sections 38 and 39, and is therefore not broad enough to cover the present contention of appellants. If treated as sufficient the objection is not tenable, as we read the statute. Section 38 requires the superintendent to make the assessment, and section 39 points out how the assessment shall be made. Section 41 relates to the making up and return of the assessment roll and the giving of certain notices to the property holders. There is no pro-

vision in the statute requiring any affidavit that sections 38 and 39 have been complied with.  Section 41 contains this provision: "An affidavit shall be filed before the final hearing showing a compliance with the requirements of this section, and also showing that the affiant (either the officer making the said return, or some one acting under his direction) made a careful examination of the collector's books showing the payments of general taxes during the last preceding year in which the taxes were paid thereon, to ascertain the person or persons who last paid the taxes on said respective parcels, and a diligent search for their residences, and that the report correctly states the same as ascertained by the affiant; and said report and affidavit shall be conclusive evidence, for the purpose of said proceeding, of the correctness of the assessment roll in said particulars." (Laws of 1901, p. 107.)  Appellants insist that this court should so construe the above language as to require the affidavit to cover the duties provided for in sections 38 and 39, and that unless the act be so construed the same is incongruous and incomplete, as it does not cover all the duties to be performed by the officer spreading the assessment.  The proceeding is a statutory one, and the point is one of practice, and where the statute points out a particular practice and declares the effect of following it, we can see no reason for enlarging upon the statute.  The first part of section 41, *supra,* after specifying what the assessment roll shall contain, proceeds: "And the officer making such roll shall certify under oath that he verily believes that the amounts assessed against the public and each parcel of property are just and equitable, and do not exceed the benefit which will in each case be derived from said improvement, and that no lot, block, tract, or parcel of land has been assessed more than its proportionate share of the cost of said improvement."  As to the making of the assessment, it would seem that the legislature had clearly pointed out all that was requisite for the affidavit to contain, and that the provision

later contained in the same section and hereinabove first set out was not intended to apply to the making up of the assessment roll, but to the matters of notice and of ascertaining the names and residences of the persons who paid the general taxes for the preceding year. The superintendent of special assessments did make an affidavit in strict compliance with and literally following the provision of section 41 last above quoted, and James M. Grimm made an affidavit that at the request of the superintendent of special assessments he had made a careful examination of the books of the collector showing the payment of general taxes during the last preceding year in which the taxes were paid thereon, to ascertain the person who last paid the general taxes for the last preceding year in which the taxes were paid thereon, and also made a diligent search for the residence of such persons, and that said report correctly states the names of such person or persons and their residence, as so ascertained by affiant. And in addition to these affidavits, John A. May, the superintendent of special assessments, and other affiants, made affidavits as to the mailing, posting and publishing of notices. From a careful examination of the record we are satisfied that the proceeding was not subject to the objection so urged.

Appellants offered to prove that in the first and original resolution for the improvement, passed prior to the passage of the first ordinance, there was no itemized estimate of the cost of the improvement incorporated therein. Objection was interposed and the offered evidence was excluded. To justify the introduction of this evidence the appellants relied upon *City of Chicago* v. *Noonan,* 210 Ill. 18, wherein it is said (p. 21) : "The additional assessment sought to be levied in this case is not a new assessment, but a supplemental one, as authorized by said section 59, and can in no sense be deemed a *de novo* proceeding." The point that was under consideration in that case and being discussed was whether the property owners were entitled to a public hearing before

the board of local improvements upon the resolution for the additional or supplemental assessment and the report of the engineer concerning the same, and the effect of the holding was, that inasmuch as the work was all completed before the supplemental assessment was levied, such assessment could properly originate by petition to the court, without a public hearing or other preliminary steps required in the original assessment.    And although we there said, in effect, that the proceeding for the supplemental assessment was a continuation of the original proceeding, and not a *de novo* proceeding, the question here presented, whether defects or irregularities that might have availed the property owner in the original proceeding can be taken advantage of in a proceeding under the new ordinance for a supplemental assessment was not raised or considered.    We held in that case and others that the supplemental assessment ought not and could not properly be made until the completion of the work, when the deficit was definitely known, and as the supplemental assessment can only be made upon the new and additional ordinance specially providing for it, it would seem reasonably to follow that upon mere matters of objection to the sufficiency of the ordinance the property owners should be confined to the ordinance then being proceeded under, and not be permitted to attack the prior ordinance, which had been not only adjudicated upon but fully acted under.    To hold otherwise would be to jeopardize the interests of the public and make uncertain the rights of contractors who, on the faith of the confirmation of the original assessment, had proceeded with the work.    So far as the sufficiency of the original ordinance is concerned, we think the property holders should be concluded by the proceedings under it, and should not be permitted to attack it in a proceeding under the ordinance for the supplemental assessment.

Appellants having objected that the original judgment was *res judicata* upon the question of benefits, the petitioner introduced two witnesses who testified that the property of

the objectors would be benefited the full amount of the assessment, and two witnesses testified for the objectors that their property would not be benefited by the proposed improvement more than the original assessment; and it is urged on authority of *Broughton* v. *Smart,* 59 Ill. 440, that as two witnesses testified one way and two the other, there was no preponderance of the evidence in favor of the petitioner, and that as it was held in *City of Chicago* v. *Noonan, supra,* that the former judgment was *prima facie* evidence that the property was assessed as much as it would be benefited, the court erred in holding a preponderance in favor of the petitioner and rendering judgment of confirmation. We do not agree to the contention that because two witnesses testified one way upon the main fact and two witnesses another, there was not or could not be a preponderance of the evidence. The evidence is weighed and not counted, and where the court has before it witnesses testifying in a cause, there are many things that enter into consideration in determining the weight of the testimony and reaching the conclusion upon the question of a preponderance. A jury was waived and the cause heard by the court, and we are unable to say from the record before us that the court erred in its finding in that behalf.

The ordinance for the supplemental assessment recites the passage of the original ordinance for the paving and grading of Seventy-fourth street from Yates avenue to Bond avenue, and the original estimate of the cost of $12,-500, and the confirmation and collection of the original assessment of $12,160.70, and the letting of the contract and the completion of the work at a cost of $15,600, and finds a deficiency of $3439.30, and ordains that a supplemental assessment be made to pay such deficiency. Section 4 of the ordinance provides: "That the supplemental special assessment herein provided for shall be payable and shall be collected in one installment, and shall bear interest at the rate of five per cent per annum, according to the law, until paid."

It is urged by appellants that the provision in regard to interest renders the ordinance void. Appellee suggests that the ordinance is valid for the reason that it appears by the original ordinance that the assessment levied under it was made payable in installments, and that being so, the law authorized the issuance of interest-bearing bonds to be liquidated by the installments, and that it was proper in this case to require that the assessment bear interest to meet the interest on the outstanding bonds. The only provision of the act in regard to local improvements applicable to the question before us is found in section 42 of the act. We had that section before us and considered it in connection with an assessment payable in one installment in the case of *McChesney* v. *City of Chicago,* 213 Ill. 592, and we there said (p. 593) : "That section applies only to assessments which are divided into installments, and an assessment payable in a single payment cannot be regarded as an installment of an assessment or within the language of the statute. There is no other provision that an assessment shall draw interest, and in the absence of statutory authority the city council had no right to require the payment of interest, which is never allowed unless given by statute." What was said in that case we deem applicable to the case at bar and decisive of the question of the power of the city council to provide that the assessment should bear interest.

Counsel for appellee urge that in the *McChesney case* the assessment or installment was a flat installment, in which the vouchers would bear no interest, and therefore the holding there is not applicable to the case at bar. The question is one of power, and the power must be found in the statute, if at all, and what we have said in the *McChesney case* goes directly to the vital phase of it.

It remains to determine whether the act must be held void because of the provision for interest on the assessment, or whether that provision may be disregarded and the remainder of the ordinance sustained. We have examined the

ordinance for the assessment in question, and it nowhere contains any statement that there were outstanding interest-drawing bonds to be paid or that it would be necessary to levy an assessment that should draw interest. We think the levy for the deficit was explicit, and are not embarrassed at all in determining what portion of the ordinance, if any, may be determined to be invalid or what portion might be held to be valid, as the two matters, under the provisions of the ordinance, are entirely severable. The usual test in determining whether a part of a statute or ordinance may be rejected and a part sustained, where they are severable, is to ascertain whether the legislative branch enacting the statute or ordinance would have enacted the main provision without the subsidiary or void portion. So far as appears from the ordinance itself there is no reason to believe that the city council would not have as readily passed the ordinance without the provision for interest as with it. If the claim for interest was valid at all, the city council could have provided in the ordinance for the levy of a sum sufficient to cover the principal of the bonds and the interest without providing that the assessment should bear interest. We are of opinion that the ordinance for the main deficit can be sustained, and that portion of it providing for the payment of interest on the assessment can be and ought to be rejected.

The objection that the ordinance for this assessment should have provided that it should be paid in installments, as was the original assessment, has recently been before us in *Goodrich* v. *City of Chicago,* 218 Ill. 18, and *Noyes* v. *City of Chicago,* id. 45, where in the former case it was fully considered and the contention of appellants denied.

The judgment must be reversed for the reason that the ordinance provides for interest on the assessment, and it will be remanded with directions to the county court to affirm the assessment, with an order that the same shall not bear interest as provided in the ordinance.

*Reversed and remanded, with directions.*