HENRY H. GAGE

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 21, 1906—Rehearing denied April 11, 1906.*

SPECIAL ASSESSMENTS—*the objector must show that "eight-hour-day'" clause affected competitive bidding.* Proof that the specifications attached to the contract for a public improvement contained a provision limiting a day's work to eight hours does not vitiate the assessment, where it is not shown that such specifications were identical in that respect with those on file in the office of the department of public works and upon which the bids were required to be based.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

F. W. BECKER, for appellant.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a new assessment for paving Warren avenue, in the city of Chicago. The facts in the case are substantially the same as those in the case of *Goodrich* v. *City of Chicago,* 218 Ill. 18, and many of the assignments of error passed upon in that case are urged here as grounds for reversal. We deem it unnecessary to notice those assignments of error further than to say that they were fully discussed in the *Goodrich case* and decided adversely to appellant's contentions here.

It is said that the verdict is not responsive to the issue. The verdict is identical with the one under consideration in the case of *McLennan* v. *City of Chicago,* 218 Ill. 62, and

220—36

we there held that the verdict was not subject to the objection now urged against it.

Appellant, in his argument, says that in the county court he offered, and the court refused, a statement furnished him by the city, showing that the balance due and unpaid on account of this improvement was less than the amount called for by the ordinance for the new assessment. This alleged error is not made to appear by the abstract, and it will therefore not be considered.

The only remaining assignment of error which is called to our attention is, that the specifications, in accordance with which the improvement was made, contained a clause limiting the time which should constitute a day's work on the improvement to eight hours, and it is urged that this entered into the competition for the contract.

The advertisements for bids referred to specifications and plans on file in the office of the department of public works as the basis for bids, and the proposal of the successful contractor referred to the same specifications and plans as forming the basis for his bid. The contract for the work contained the following clause: "Said work to be done in accordance with plans prepared for doing the same on file in the office of the department of public works of said city, and with the specifications appended hereto and made a part of this contract." The specifications appended to the contract contain the eight-hour clause, but it is not made to appear that those specifications are the same as the specifications on file in the office of the department of public works. The specifications which were on file in the office of the department of public works do not appear to have been introduced in evidence, and it is not shown that they were identical with the ones appended to the contract. The contract provides that the work shall be done not only in accordance with the plans on file in the office of the department of public works, but also in accordance with the specifications appended to the contract. The advertisements for bids and

the proposal of the successful contractor did not refer to the specifications attached to a contract to be signed, but only to those on file in the office of the department of public works.

In *McChesney* v. *People,* 200 Ill. 146, it was held that the property owner must show that the eight-hour clause actually entered into the competition in some way in order to sustain his objection to the special assessment.

The evidence offered by appellant was therefore not sufficient to sustain his objection on the ground stated in the last assignment of error above mentioned.

The judgment of the county court will be affirmed.

*Judgment affirmed.*