THE CITY OF CHICAGO, Appellee, *vs.* ROBERTS CLARK, Trustee, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 15, 1908.*

1. SPECIAL ASSESSMENTS—*when the original ordinance may be made the basis of a new assessment.* A defect in the proceedings before the board of local improvements, consisting in the failure to make the estimate of cost a part of the record of the first resolution, does not render the original ordinance absolutely void, so as to preclude its use as the basis of a new assessment under sections 57 and 58 of the Local Improvement act.

2. SAME—*what is not bad faith in constructing improvement.* That a city let the contract for an improvement after the judgment confirming the special assessment therefor had been reversed on appeal, is not bad faith within the meaning of section 58 of the Local Improvement act, where the city, before the judgment was reversed, filed an election to proceed with the work notwithstanding the appeal, as provided in section 75 of such act.

3. SAME—*when judgment as to benefits of supplemental assessment is not conclusive upon a new assessment.* A judgment in a proceeding for a supplemental assessment finding that the objector's property will "be benefited by said improvement no more than" a certain sum, must be considered as having reference to the fact that an original assessment has been made, and is not conclusive of the question of benefits when a new assessment is levied under sections 57 and 58 of the Local Improvement act, in lieu of the original assessment which was annulled.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

EUGENE H. GARNETT, (GWYNN GARNETT, of counsel,) for appellant.

GEORGE A. MASON, and FRANK JOHNSTON, JR., (ED-WARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a new assessment levied under the provisions of sections 57 and 58 of the Local Improvement act of 1897 against the property of the appellant in the matter of the construction of a system of sewers in certain streets in the city of Chicago.

The original ordinance providing for the improvement was passed June 29, 1903, and said special assessment was confirmed against the property of the appellant for the sum of $2579, which judgment of confirmation, on appeal to this court, was reversed on the ground that the estimate of the cost of the proposed improvement was not made a part of the record of the first resolution of the board of local improvements. (*Clark* v. *City of Chicago*, 209 Ill. 83.) On October 23, 1905, the city council passed an ordinance providing for a supplemental assessment to pay a deficiency in the first assessment, and of this assessment $490.02 was assessed against the property of the appellant. Objections were filed to said supplemental assessment by the appellant. The court overruled the legal objections, and a jury having been waived, upon a hearing as to benefits the court held that the property would "be benefited by said improvement no more than" $245, and confirmed said supplemental assessment, and on February 18, 1907, the city council passed an ordinance for a new assessment in lieu of the assessment made under the original ordinance and which had been set aside by the judgment of this court, and on March 1, 1907, a petition was filed for the confirmation of said new assessment and the assessment was confirmed, and the appellant urges three reasons in this court as grounds for reversing

the judgment of the county court confirming said new assessment.

*First*—It is contended that the original proceedings before the board of local improvements, together with the original ordinance based thereon, are void, on the ground that the estimate of the cost of the proposed improvement was not made a part of the record of the first resolution of the board of local improvements, and it is said for that reason said ordinance cannot be made the basis of a new assessment under the provisions of sections 57 and 58 of the Local Improvement act. The proceedings before the board of local improvements were defective by reason of the fact that the estimate of the cost of the proposed improvement was not made a part of the record of the first resolution. The defect in those proceedings, however, did not render the original ordinance absolutely void, and in accordance with the repeated holdings of this court the original ordinance, although based upon said defective proceedings, is a proper basis for a new assessment under sections 57 and 58 of the Local Improvement act. *Conway* v. *City of Chicago,* 219 Ill. 295; *Gage* v. *People,* 207 id. 377; *Noonan* v. *People,* 221 id. 567; *City of Chicago* v. *Galt,* 225 id. 368; *City of Chicago* v. *Gage,* 232 Ill. 169.

*Second*—It is next contended that the work was not done in good faith, within the meaning of section 58 of the Local Improvement act, as it is said the contract for the improvement was let after the judgment of the county court of Cook county confirming the original assessment had been reversed by this court. The appellee, prior to the time when the judgment was reversed by this court, filed a written election, under the provisions of section 75 of the Local Improvement act, to proceed with the work notwithstanding the appeal of appellant. An election to proceed with the work notwithstanding the appeal having been made, under the provisions of that section of the statute we think it clear that the fact that the contract for the work was not let until

after the judgment of confirmation as to appellant's property had been reversed did not prevent appellee from making the contract for the work or a contractor from proceeding to construct the improvement, otherwise the provisions of section 75 of the Local Improvement act would be of no legal force or effect. It would seem clear that when the appellee has proceeded strictly in accordance with the provisions of the Local Improvement act, as it did in this case, it could not be charged by the appellant with bad faith in constructing the improvement. While a judgment confirming the original assessment was reversed by this court and the improvement could not be constructed with money derived from that assessment, the original ordinance under which that assessment was levied and the contract for the improvement let was not absolutely void but was a proper basis for a new assessment under sections 57 and 58 of the Local Improvement act, and the improvement could eventually be paid for out of a new assessment in part levied upon appellant's property under sections 57 and 58 of the Local Improvement act. We think it apparent, therefore, that the improvement was not constructed in bad faith, within the meaning of said section 58.

*Third*—It is finally contended that the judgment of the county court upon the hearing upon the supplemental assessment, wherein it was found that the property of appellant would "be benefited by said improvement no more than" $245, is conclusive in this proceeding as to the amount which appellant's property will be benefited by the improvement, and as said supplemental assessment has been paid, the property of appellant has paid all that it will be benefited by said improvement, and that it cannot be further assessed, under the provisions of sections 57 and 58 of the Local Improvement act, to pay for said improvement. While the language of the order of the county court entered in the supplemental proceeding is to the effect that the property of the appellant "will be benefited by said improvement no more than" $245,

it is clear that the only matter then being litigated before the county court was the amount which appellant's property would be benefited by said improvement over and above the amount of the original assessment, which was $2579, and that the county court held in said supplemental proceeding appellant's property would be benefited by said improvement to the extent of $245 and no more, in addition to the original assessment of $2579, which would make the benefits which appellant's property would derive from said improvement $2824. The original assessment proceedings were not introduced in evidence. The county court was advised, however, that the assessment then before it was a supplemental assessment and that the original assessment had been annulled by this court, and clearly the court, in disposing of the question of benefits in said supplemental proceeding, took into account the original assessment. An assessment under sections 57 and 58 of the Local Improvement act can only be made in lieu of an assessment which has been made before that time and annulled by some city council or board of trustees or set aside by some court, and must be levied to pay for an improvement made in good faith under a contract duly let, pursuant to an ordinance providing that said improvement should be paid for by special assessment. If, therefore, the original assessment was taken into consideration in determining benefits at the time said supplemental assessment was confirmed, as it clearly must have been, an assessment made in lieu of the original assessment which had been annulled and set aside by the judgment of this court will not be barred by a finding by the county court in said supplemental proceeding that the premises sought to be assessed in said supplemental proceeding will be benefited to a stated amount, and no more, by the improvement.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*