(No. 13629.—Reversed and remanded.)

THE CITY OF CARLINVILLE, Appellant, *vs.* ERNEST C. LORENCE *et al.* Appellees.

*Opinion filed December 21, 1920.*

SPECIAL TAXATION—*objector to supplemental tax cannot question validity of alteration in ordinance—res judicata.* Confirmation of a special tax for an improvement settles the question whether the tax was lawful under the ordinance, and in a subsequent proceeding to levy a supplemental tax of a certain per cent of the original levy an objector cannot question the validity of an alleged alteration in the original ordinance with respect to the basis of the tax on each frontage.

APPEAL from the County Court of Macoupin county; the Hon. ANDREW J. DUGGAN, Judge, presiding.

T. K. RINAKER, V. H. HEMPHILL, and THOMAS RINAKER, for appellant.

JESSE PEEBLES, and JAMES H. MURPHY, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

First North street, in the city of Carlinville, is about one mile in length, and there is a short alley connected with it, called Daley street. The city passed an ordinance for the improvement of the street and alley, providing that 1346 feet of the street should be paved with novaculite

stone and known as section No. 1; that 3796 feet should be improved by paving with concrete pavement and to be known as section No. 2; and Daley street, 165 feet long, should be paved with concrete and known as section No. 3. The estimate of cost was itemized as follows: Section No. 1 $6755; section No. 2 $33,367.20; section No. 3 $995.22; and the costs and expenses $2467.04,—making a total of $43,584.46. The ordinance levied a special tax upon the several lots, blocks, tracts and parcels of land contiguous to the improvement but not to exceed the benefit in each case. The special tax was confirmed but proved insufficient to complete the improvement, and the city passed a second ordinance for a supplemental tax to pay the deficiency, estimated to be $4260.91. The ordinance provided that a supplemental special tax of the amount of the estimated deficiency was thereby levied and specially taxed upon the several lots, blocks, tracts and parcels of land contiguous to the improvement in the sum of ten percentum of the original special tax theretofore levied and specially taxed for the improvement but not to exceed the benefit which would in each case be derived from the improvement. A special tax roll was filed in the county court on February 6, 1920, and the appellees objected that their parcels of land would not be benefited to the amount of the tax. The application for confirmation came on to be heard on the question of benefits on April 23, 1920, and at that time the appellees, by leave of court, filed a legal objection to the confirmation of the supplemental special tax on the ground that there had been an alteration in the original ordinance for the improvement after February 7 and before February 27, 1920, by an interlineation in the ordinance of the words, "The frontage in each section being taxed for the total cost of such section." The original ordinance could not be found, and evidence was produced that the interlineation had been made, as alleged, in a copy of the ordinance produced and in the ordinance record. The

question of fact was whether the matter interlined was in the original ordinance as passed by the city council. The court concluded that the interlineation invalidated the original ordinance and sustained the objection, and the city has appealed.

The special tax for the improvement had been levied and confirmed, which established the fact that each tract, lot or parcel of land was lawfully taxed with the amount charged against it. That question had become *res judicata,* and the objectors were not permitted to attack the original ordinance or to question the special tax levied and confirmed. Whether the several amounts which the different lots or parcels of land were required to contribute were fixed upon one basis or another, the objectors were concluded by the judgment of confirmation. (*Conway* v. *City of Chicago,* 219 Ill. 295; *People* v. *Belz,* 252 id. 296; *People* v. *Carnahan,* 270 id. 489.) The supplemental tax was not levied upon any new plan or theory but only for ten per cent additional to the amount of the special tax against each lot already determined, and whether the matter interlined in the copy and record was in the original ordinance or was not a part of the original ordinance, so that the ordinance was not affected thereby, the interlineation did not affect any right of the appellees. They could not dispute the validity of the special tax already levied or contest a supplemental tax of a fixed proportion of the original tax whether they were right in their claim that the interlineation was unauthorized or not or whether the original tax was according to frontage on the separate sections or on the whole improvement.

The court erred in sustaining the objection, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*