(No. 19103.

THE CITY OF CHICAGO, Appellee, *vs.* ARTHUR T. GALT, Appellant.

*Opinion filed December 20, 1929—Rehearing denied Feb. 5, 1930.*

LYMAN, ADAMS, BISHOP & DUPEE, (HOWARD F. BISHOP, and DANIEL S. WENTWORTH, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and GOTTHARD A. DAHLBERG, (HELMER C. PATTERSON, and JOSEPH J. THOMPSON, of counsel,) for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, the city of Chicago, filed its petition in the county court of Cook county for a special assessment for the paving of the alleys between Loyola avenue, Arthur avenue, Sheridan road and Lakewood avenue, and for the construction of a sewer in the east and west alley. Appellant, Arthur T. Galt, filed objections to the assessment, which were overruled on January 6, 1928, the assessment was confirmed and an appeal was prosecuted to this court. On January 9, 1928, appellee filed its written election to proceed with the work pending the appeal. On January 20, 1928, appellant made a motion to strike the election to proceed from the files. On June 13, 1928, an order was entered which recited that "notice filed by attorneys for Arthur T. Galt asking the court to strike from the records an election to proceed, filed herein, and other written motions or suggestions made by said D. S. Wentworth with the purpose in view of delaying proceedings for the execution of the improvement involved in said proceeding until a decision be rendered by the Supreme Court upon an appeal of one of the property owners pending therein, be and the same are hereby overruled, and the motion, and any and all papers filed herein in connection therewith, be stricken from the files." From this order an appeal has been prosecuted to this court.

Appellant insists on this appeal that there was no valid ordinance for the improvement because it was not prepared by the board of local improvements; that the improvement was not properly described in the ordinance, as required by the statute; that there was no *prima facie* case made by appellee; that the election to proceed was void, regardless of the validity of the ordinance; that if the ordinance was void the election to proceed was void; and that under no circumstances could the election to proceed have any validity until this court on the prior appeal determined the validity of the ordinance. The ordinance was not void upon

its face. All questions as to the validity of the ordinance and the proceedings for the levy of the assessment depended upon extraneous proof and were involved in the original appeal, therefore the only question on this appeal is the right of appellee to elect to proceed pending the original appeal and the sufficiency of the election as filed.

In his brief appellant states that the proceeding before this court is exactly the same as that previously before us in *City of Chicago* v. *Galt,* 337 Ill. 547, with the exception that the record in this case shows the proceedings subsequent to the judgment order of confirmation heretofore rendered. The record subsequent to the judgment of confirmation consists of the written election of appellee to proceed with the improvement pending the appeal; a motion by appellant (apparently oral) to strike the election from the files, and the order of the court thereon. There is no bill of exceptions. If the order on this motion to strike is correct, it is apparent that the entire record on this motion is not before this court. The order recites that the notice filed to strike from the record the election to proceed, and other written motions or suggestions made, are overruled, and that the motion, and any and all papers filed in connection therewith, are stricken from the files. No written motion or suggestion or other papers which might have been filed appear in the record, therefore the record is not complete if the order recites the facts. This, alone, would be sufficient to sustain the order appealed from in this case. The order, however, must be sustained upon the record presented.

In support of the contention that the election to proceed had no validity until this court in the original appeal determined the validity of the ordinance, appellant cites *Village of Bellwood* v. *Galt,* 321 Ill. 504, and *Same* v. *Same,* 326 id. 55. Both of these cases grew out of the same state of facts. It was a proceeding under the Local Improvement act to condemn property for public use. The first ap-

peal involved the validity of the ordinance which was the basis of the proceeding, and this court held that the ordinance was void. Pending the first appeal the municipality elected to take possession of the property condemned under sections 30 and 31 of the statute, and in the last case it was held that under the facts in evidence possession could not be taken pending the appeal. These cases are not conclusive of the question at issue in this case. This is not a condemnation case. No private property is being taken for public use. The right to proceed with the improvement pending the appeal is governed by section 75 of the Local Improvement act and not by sections 30 and 31. Section 75 provides that "within ninety days after the term of court at which judgment of confirmation of any special assessment or special tax, levied in pursuance of this act, has been entered, if there be no appeal perfected, or other stay of proceedings by a court having jurisdiction, or in case the judgment for the condemnation of any property for any such improvement, or the judgment of confirmation as to any property be appealed from, then, if the petitioner shall file in such cause a written election to proceed with the work, notwithstanding such appeal, or other stay, steps shall be taken to let the contract for such work in the manner herein provided." Section 56 provides that the judgment of confirmation shall have the effect of several judgments except as to the property concerning which the appeal is taken. It has been held that under section 75 the municipality may file its election to proceed pending an appeal. *City of Chicago* v. *Clark,* 233 Ill. 404; *Goldstein* v. *Village of Milford,* 214 id. 528.

Appellant insists that the election to proceed is void and that it has no force or effect because it was not signed by appellee; that it is signed by Gotthard A. Dahlberg, and below his signature a line is drawn through the words "Attorney for board of local improvements;" that Dahlberg signed it personally and not in a representative ca-

pacity; that the words "Attorney for board of local improvements" are a designation of Dahlberg's position and not the signature of appellee by Dahlberg as its representative; that it contains a blank for the signature of the corporation counsel, but there is no signature of the corporation counsel on the document; that there is an O. K. by Dahlberg, and after his name are the words "Attorney for board of local improvements," and that the authority of Dahlberg to bind the board of local improvements is not shown. The election does not sustain this contention. It recites in substance that now comes the city of Chicago, petitioner here, by Gotthard A. Dahlberg, attorney for the board of local improvements, and shows to the court that by resolution the board of local improvements, petitioner herein, authorized and instructed the said attorney for the said board of local improvements to file the election of the petitioner to proceed with the work provided in the ordinance notwithstanding said appeal, and that the petitioner herein, by its said attorney, hereby files its written election to proceed with the work as provided in the ordinance notwithstanding said appeal. The document is signed by Dahlberg. Below his signature is a blank space for the signature of the corporation counsel, but it is not signed by him, and below that is the O. K. of Dahlberg, "Attorney for board of local improvements." Section 75 does not specify any particular form of notice or by whom it is to be signed. It merely provides that the petitioner may file a written election to proceed. The record shows that in this proceeding appellee was represented by several lawyers, including Dahlberg. The election was sufficient under the statute.

We find no reversible error, and the order is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Order affirmed.*